UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-CV-20898-DPG

RAFAIL FERRE, *et al.*,

    Plaintiffs,
v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 7]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED, in part, and DENIED, in part**.

### BACKGROUND

On March 7, 2024, Plaintiffs Rafail Ferre, Mariia Ferre, and Roman Eshmetov filed a Complaint and Action in Mandamus for Declaratory and Injunctive Relief (the "Complaint") against Defendants U.S. Department of Homeland Security ("DHS"); U.S. Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas, in his official capacity as Secretary of DHS; Ur Mendoza Jaddou, in her official capacity as the Director of USCIS; Merrick Garland, in his official capacity as Attorney General of the United States; Ted H. Kim, in his official capacity as Associate Director of USCIS's Refugee, Asylum, and International Operations Directorate; and Varsenik Papzian, in her official capacity as Director of the USCIS Miami Asylum Office (collectively, "Defendants"). [ECF No. 1]. Plaintiffs allege that Defendants have unreasonably

delayed the adjudication of Mr. Ferre's I-589 Application for Asylum and for Withholding of Removal ("I-589 application") that he filed with Defendant USCIS on May 13, 2021. *Id.* ¶ 1. As a result, Plaintiffs ask the Court to compel Defendants to act pursuant to the Administrative Procedure Act ("APA") (Count I) and the Mandamus Act (Count II). *Id.* ¶¶ 23 – 42.

On May 13, 2024, Defendants moved to dismiss the Complaint arguing lack of subject matter jurisdiction and failure to state a claim. [ECF No. 7]. As to Plaintiffs' APA claim, Defendants argue that Plaintiff failed to show an unreasonable delay in the adjudication of his Petition and, thus, cannot state a claim under the APA. Furthermore, Defendants assert that this Court lacks the jurisdiction to compel them to act under the Mandamus Act because there is no duty for adjudication by a mandatory deadline and because Defendants have an adequate alternative remedy available through the APA.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts must determine whether subject matter jurisdiction exists. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377 (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) can be based on a facial or factual challenge to the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). On a facial challenge, a court is required only to determine if the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction . . . ." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529

(11th Cir. 1990) (per curiam)). In doing so, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529).

Furthermore, to survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

## DISCUSSION

I. <u>The APA</u>

Plaintiffs contend that Defendants' delay in the adjudication of Mr. Ferre's Petition is unreasonable and, thus, relief is warranted under the APA. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" may seek judicial review, and federal courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 702, 706(1) (2018). Furthermore, Congress has required agencies to conclude matters "within a reasonable time." 5 U.S.C. § 555(b) (2018). However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*,

3

542 U.S. 55, 64 (2004). In addition, there must be a "showing of prejudice before agency action can be set aside for its lack of punctuality." *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985).

Defendants do not contest the Court's jurisdiction over Plaintiffs' APA Claim; rather, they argue that it should be dismissed for failure to state a claim, under Rule 12(b)(6), because Plaintiffs fail to establish unreasonable delay. When determining whether an agency's delay has been unreasonable, Courts in this circuit have increasingly relied on the six-factor balancing test set forth in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). "[A]lthough some courts conclude that the TRAC analysis is inappropriate at the motion to dismiss stage, other courts find a TRAC analysis is appropriate if a record contains enough facts to evaluate the TRAC factors." *Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1287 (S.D. Fla. 2023) (internal citation and quotation marks omitted). Plaintiffs' Response does not address the TRAC factors; instead, it argues that the limited factual record before the Court renders a TRAC analysis improper.

The Court agrees with Plaintiffs and finds that, at this juncture, a TRAC analysis would be premature and would be better resolved on a more developed record. *See Tikhonov v. Mayorkas*, No. 23-24572-CIV, 2024 WL 3327777, at *2 (S.D. Fla. Mar. 12, 2024) ("However, this Court finds that analysis of the TRAC factors is inappropriate at the motion to dismiss stage due to their fact-intensive nature."); *Abou Hala v. Chief, Immigrant Inv. Program Off.*, No. 6:23-CV-1541-PGB-DCI, 2024 WL 4188350, at *6 (M.D. Fla. Sept. 13, 2024) ("At this procedural stage, the Court lacks sufficient information to evaluate the TRAC factors in its assessment of whether Defendants' delays in adjudication are unreasonable."); *Lammers v. U.S. Citizenship & Immigration Servs.*, 2021 WL 9408916, at *2–*3 (M.D. Fla. July 28, 2021) (declining to analyze

the TRAC factors at the motion to dismiss stage due to "fact-intensive nature of unreasonably delay cases"). Therefore, the Defendants' Motion to Dismiss Count 1 is denied *without prejudice*.

II.     Mandamus Act

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (2018). "Mandamus is appropriate only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." *Serrano v. U.S. Atty. Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (internal citation omitted). "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)).

Defendants argue that Plaintiffs' Mandamus Act claim should be dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. A plaintiff is foreclosed from seeking mandamus relief for unreasonable delay in processing their application when an adequate alternative remedy is available under the APA. *Ignatova v. Jaddou*, No. 0:22-CV-62103, 2023 WL 5611902, at *5 (S.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, No. 22-62103-CIV, 2023 WL 5608433 (S.D. Fla. Aug. 30, 2023); *see also Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011) ("The availability of relief under the [APA] . . . forecloses a grant of a writ of mandamus."); *Osechas Lopez*, 649 F. Supp. 3d at 1286. In their Complaint and Response, Plaintiffs concede that they have an alternative remedy available under the APA. Because the Court has jurisdiction over Plaintiffs' APA claim,

5

the Court lacks subject matter jurisdiction over Plaintiffs' mandamus claim. Therefore, Count 2 of Plaintiffs' complaint must be dismissed.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiffs' Complaint, [ECF No. 14], is **GRANTED, in part, and DENIED, in part.**

2. Defendants' Motion to Dismiss Count 1 is **DENIED** *without prejudice*.

3. Defendants' Motion to Dismiss Count 2 is **GRANTED**.

4. Defendants shall file the certified administrative record under seal within ninety (90) days of this Order. Motions for summary judgment shall be filed within sixty (60) days of the Defendants filing the certified administrative record.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of October, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE